## Thomas *vs* McCann, &c.

APPEAL FROM THE FAYETTE CIRCUIT.

*Fraud.    Slaves.    Vendor and vendee.*

JUDGE MARSHALL delivered the opinion of the Court.

WHEN a vendor asserts or affirms the soundness of the article sold, he states that which, in general, is not the

CHANCERY.

*Case* 116.

June 17.

> *A vendor who gives an opinion honestly, of the*

THOMAS
vs
McCANN, &c.

soundness of an
article, is not
liable to the
charge of fraud,
but if the affir-
mation be of a
fact, which from
its nature may
be ascertained
with accuracy,
and which the
owner is pre-
sumed to know,
as the age of a
slave which he
is selling, and
made without re-
serve, qualifica-
tion, or refer-
ence to the
means of his
knowledge, it
will not be un-
derstood as mere
judgment or
opinion.

subject of absolute certainty, but rests frequently in mere judgment or opinion. He is, therefore, commonly understood as making the assertion upon his belief or best opinion, and is not liable to the charge of fraud or deception, if the assertion be in fact conformable to his belief and best opinion. The assertion being in effect, that such is his belief, opinion, or judgment, it is not in a bad sense false, and therefore, is not fraudulent, though it be not actually true, unless he knew or had reason to believe that the fact was otherwise, or unless it be shown that his belief or opinion was different from his assertion.

But when the assertion or affirmation relates to a fact of such a nature as to be generally ascertainable with accuracy, and which the owner or vendor is generally presumed to know with reasonable exactness, as the age of a slave which he is about selling, his positive assertion, made without reserve or qualification, or reference to his means of knowledge, will not be understood as a statement of his judgment or opinion merely, but as a statement of a fact which he knows, or which he at least believes to be true, upon such information as would satisfy a prudent man.

Could an asser-
tion of a vendor
of a slave, as to
its age, be so
qualified, by
showing after-
wards that it was
according to the
information re-
ceived and be-
lieved, but not
accompanying
the assertion as
to screen him
from responsibil-
ity if false—Qu.

It might indeed, be questionable whether a positive assertion of such a fact could be justified, if it were untrue, by showing that it was made according to information received and believed, but not referred to in making the assertion. But be this as it may, it certainly could not be justified by mere ignorance of the truth, or by belief or opinion, founded on mere appearance or the like, unless perhaps in those cases of youth and old age, when appearance alone furnishes a reasonably accurate indication of the real age, for the impression necessarily produced, and therefore, as it may be said, the impression intended to be produced by such an assertion, is that it was founded, not upon ignorance but upon knowledge, or if founded on belief, that it was a belief not resting on conjecture merely, but upon satisfactory information. As the person making such an assertion in negotiating a sale, intends it to be understood that he is speaking upon good grounds of knowledge, or at least of rational belief, in

which the other party may confide without further inquiry, he may in fact be guilty of deception, whether the assertion be or be not substantially true, if he has really no knowledge on the subject, and has resorted to no means of information; and the assertion will be the more delusive and the intention to deceive more certain, and the act, therefore, more fraudulent in proportion as the appearance of the slave may furnish less precise indication of his or her age, and in proportion as the departure from the truth is advantageous to the seller.

THOMAS
vs
McCANN, &c.

McCann, the vendor in this case, represented to Thomas, the purchaser, that the negro woman, Hannah, the subject of the sale, was twenty-nine years of age, when in fact she was then about forty years old; and as there was no intimation that he was speaking from conjecture or inference, and there is no proof that he had received any information which authorized such a statement, the necessary inference is, that he intended to deceive by inducing confidence in the truth of his assertion, when it was in fact made either without knowledge or information, or in opposition to them. The deception consists in his failure to state the ground of his assertion, or its want of ground. The fraudulent motive consists in the intention to make advantage by the confidence reposed in his statement. The injury consists in the true fact being much more unfavorable to the value of the slave, and to the interest of the purchaser, than it was represented to be.

*A vendor's affirmations as to the age of a slave, are presumed to be made upon knowledge, and therefore, if false, fraudulent. If made without knowledge in fact, intended to deceive, and if false, fraudulent.*

But McCann made the further verbal assertion, that the woman had had but three children, or as the answer states, but three, as far as he knew, when it now appears she had in fact had nine or ten. As a positive statement with regard to this fact implies still more strongly than such a statement with regard to age, either actual knowledge or else satisfactory information; so its being made at random, without knowledge or information, implies still more certainly, a fraudulent motive or intention; and we are not prepared to decide that its character would be essentially changed by the qualification which is alledged in the answer, but is not proved to have been added. But as this is not the only ground of imputing

*The assertion of a vendor that a slave which he was selling was "the mother of but three children," when in fact she was the mother of 9 or 10, was fraudulent. It was concerning a fact of which he should have been more correctly informed, if he asserted without information it was with the intent to deceive.*

fraud, it is not necessary to decide this point. The two statements, with regard to age and the number of children, as admitted in the answer, were knowingly made, without any knowledge of the facts or against knowledge, and are unsupported by any information proved to have been received by the vendor. They were made for the purpose of deception and of gain. They undoubtedly operated as an inducement to the contract. They were materially variant from the truth, and to an extent greatly injurious to the vendee. They, therefore, constituted such a fraud as authorized him to rescind the contract; and as he actually tendered back the slaves, (the mother and her infant child,) as soon as the fraud was discovered, he is in a condition to resist in equity, the enforcement of the judgment for the unpaid portion of the purchase money, and to have the contract fully rescinded, upon the equitable terms of the parties being placed, as nearly as may be, in *statu quo*. The injunction, therefore, instead of being dissolved, should have been perpetuated, and an account should have been taken of the reasonable value of the slaves to the complainant while in his possession, to be deducted from the interest and principal of the sum paid towards the purchase; and for the residue, supposing the balance to have been in favor of the purchaser, if not paid by a day to be given in Court, the slaves should have been sold. But upon payment by the day, the slaves should have been restored; and the complainant should have had his costs in the chancery suit.

Wherefore, the decree is reversed and the cause remanded for proceedings and decree in conformity with this opinion.

*Shy* for appellant: *Sayre* for appellees.